AO 91 (Rev. 11/11) Criminal Complaint

**FILED**
VANESSA L. ARMSTRONG, CLERK
OCT 21 2020
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

# UNITED STATES DISTRICT COURT
for the
Western District of Kentucky

| | |
|---|---|
| United States of America<br>v.<br>CHRISTOPHER J. DEYOUNG<br><br>*Defendant(s)* | )<br>)  Case No. 1:20MJ-104 HBB<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __October 21, 2020__ in the county of __Allen__ in the __Western__ District of __Kentucky__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(5)(B), (b)(2) | possession of child pornography |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*
SA Theodore R Curtis III, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/21/20

_____
*Judge's signature*
H. Brent Brennenstuhl, U.S. Magistrate Judge
*Printed name and title*

City and state: Bowling Green, Kentucky

## AFFIDAVIT IN SUPPORT OF
## A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Theodore R Curtis III, a Special Agent with Homeland Security Investigations, being duly sworn, depose and state as follows:

### INTRODUCTION

1. I am a Special Agent (SA) employed by the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (HSI) and I have been so employed since November 2000. I am currently assigned to HSI Bowling Green, Kentucky.

2. As part of my official duties as an HSI Special Agent, I investigate criminal violations relating to the sexual exploitation of children and child pornography, including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2251, et. seq. I have received training in the area of child pornography and child exploitation investigations and have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256(8)(A)), in all forms of media including computer media during law enforcement training and experiences. I have also received training and instruction in the field of investigating child pornography. I have also conducted numerous investigations pertaining to child pornography and child exploitation since June 2008.

3. The statements contained in this affidavit are based in part on information provided by United States federal law enforcement agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents,

1

including foreign law enforcement agencies, information gathered from the service of administrative subpoenas; independent investigation and analysis by law enforcement officials/ agents/analysts and computer forensic professionals; and my experience, training and background as a Special Agent with HSI. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that on or about October 21, 2020, CHRISTOPHER DEYOUNG committed violations 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (possession of child pornography).

4. In July 2019, HSI San Diego executed a federal residential search warrant within the Southern District of California for violations of 18 USC 2252 – Certain Activities Relating to Material Involving the Sexual Exploitation of Minors. During the service of the warrant, the subject of the investigation consented to allow HSI San Diego agents to assume his online identity to access a secure, end-to-end encrypted chat platform (herein referred to as Chat Application A). Several large group chats within Chat Application A were created by other parties and added the assumed subject account. Various image and video files depicting child pornography are routinely shared within these group chats, along with cloud-storage web links containing files depicting child pornography.

5. On or about July 12, 2020, the assumed subject account was added to a group chat on Chat Application A containing many unidentified participants.

6. On or about July 14, 2020, within the newly added group chat the assumed subject account was added to, a user distributed a web link invitation to a secure, end-to-end

encrypted cloud-storage platform (herein referred to as Cloud Platform A). Along with providing users cloud-based storage, Cloud Platform A is also a web and mobile based chat platform. Registered users can create secure, end-to-end encrypted chat groups and invite other registered users with a decryption key generated by Cloud Platform A. Users within the encrypted groups may chat and upload files which may be viewed and/or downloaded by other users in the room. Prior to joining the encrypted group, an invited user has the freedom to browse all previously uploaded conversations, image files, and video files since the inception of the group chat.

7. HSI San Diego agents accessed the invitation link to Cloud Platform A. Prior to joining the group chat, agents recorded the contents of the group chat dating back to the creation of the group (May 20, 2020).

8. Encountered within Cloud Platform A was a registered user with two accounts bearing the screen name **Jon Doe**. On or about June 21, 2020, **Jon Doe** is observed as being logged into the Chat Platform A as a Chat Member (read only chat). During this time the following files are shared within Chat Platform A:

- Description: A prepubescent female child approximately 2 to 6 years of age. The child is wearing a shirt but no pants/underwear. The child appears to be sitting with her knees towards her chest and her legs spread exposing her vagina.

- Description: A prepubescent female child approximately 7 to 10 years of age. The female is not wearing clothes, except for underwear. The underwear has been pulled down her thigh to expose her vagina. The female is laying on her back with her legs bent up in the air exposing her vagina. The female is blindfolded and has bondage shackles on her ankles. The female appears to have bondage restraints on her wrist and a bondage collar around her neck with a possible leash going over her right shoulder and under her right arm.

- Description: A child approximately 3 to 6 years of age performing fellatio on an adult male penis.

9. On June 25, 2020, at approximately 11:48 PDT, **Jon Doe** is observed in Chat Application A when an image is shared of a prepubescent female approximately 4 to 8 years of age, is laying on a bed. The female has her legs spread apart exposing her vagina. The female has a liquid substance on her lower abdomen that has the appearance of semen.

10. On October 15, 2020, SA Curtis spoke to SA Saenz (HSI San Diego) pertaining to the Chat Application A. SA Saenz informed SA Curtis that once an individual had been granted access to Chat Application A, the individual could access previous chat information to include posted images and videos back to May 20, 2020, when the chat application was initiated. Furthermore, SA Saenz informed SA Curtis that a user with the status "read only chat" could view and download images and videos posted by other chat members but could not post images and videos or utilize the chat feature. SA Saenz added that **Jon Doe** had been a member of Chat Application A from on or about May 20, 2020 until Chat Application A had been deleted following July 22, 2020.

11. On or about August 5, 2020, officers requested subscriber information associated with the IP addresses used by **Jon Doe** to access Chat Application A, finding (on or about September 8, 2020) that the subscriber information traced to CHRISTOPHER DEYOUNG at an address in Scottsville, Kentucky.

12. On October 21, 2020, officers executed a federal search warrant at DEYOUNG's residence in Scottsville, Kentucky. Through on-site forensic analysis, agents discovered multiple images of child pornography on DEYOUNG's phone. A witness at the scene confirmed that the

witness had seen child pornography on DEYOUNG's phone, and the witness specifically described some of the child pornography at issue. DEYOUNG denied that he downloaded or possessed child pornography.

## CONCLUSION

13. Based on the foregoing, there is probable cause to believe that the federal criminal statutes cited herein have been violated. I respectfully request that this Court issue an arrest warrant for CHRISTOPHER DEYOUNG.

_____
Theodore R Curtis III
Special Agent

Sworn and subscribed before me this 21st day of October, 2020.

_____
H. BRENT BRENNENSTUHL
United States Magistrate Judge

5